UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CODY WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:15 CV 36 CDP |
| | ) | |
| RYSZARD BILINSKI, former MACON | ) | |
| COUNTY DEPUTY SHERIFF in his | ) | |
| individual capacity only, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Cody Walton claims that he was sexually assaulted by another inmate while he was being held in the Macon County, Missouri jail as a pre-trial detainee. He claims that defendant, former Macon County deputy sheriff Ryszard Bilinski, is liable for his injuries because Bilinski failed to properly secure the inmates in their cells on the night of the assault. Walton has brought one count asserting violation of his general constitutional rights.

Walton has attempted to serve Bilinski with summons at least three times. Bilinski has filed two motions to dismiss and strike in which he argues, respectively, that this case should be dismissed because Walton has failed to properly serve him, and, in any event, certain immaterial portions of the complaint should be stricken. After careful consideration, I conclude that Bilinski has not

been properly served, but I will grant Walton an additional 120 days to effect service. The motions to strike are denied without prejudice and with leave to refile once defendant has been correctly served.

**Background**

Bilinski is currently a resident of Alberta, Canada. Bilinski and Walton essentially agree on the facts surrounding the various attempts that have been made to serve Bilinski. An initial summons was issued in May 2015. A special process server personally served the initial summons and complaint[1] on Bilinski's wife, Tiann Bilinski, on August 28, 2015 at their residence in Canada. Next, an alias summons was issued in September 2015, and the alias summons and complaint[2] were left taped to Bilinski's door at his residence in Canada on September 12 or 13. On September 14, 2015, the complaint and alias summons were sent to Amy Ohnemus and John Morthland via email. Ohnemus and Morthland are the attorneys currently representing Bilinski in this case. In addition to the above, the special process server claims he mailed a copy of the complaint and original summons to Bilinski at his residence in August 2015, as well as a copy of the complaint and alias summons in September 2015. Counsel for Walton claims he mailed the complaint and two waivers of service to Bilinski at his residence in September 2015. These service attempts were the subject of Bilinski's first two

---

[1] Bilinski and his wife claim that only the complaint was served to her.

[2] Bilinski claims only the summons was taped to his door.

motions to dismiss. Bilinski recently filed a third motion to dismiss alleging that additional improper attempts at service have been made, though Walton has not filed any additional documents verifying subsequent attempts. In his third motion, Bilinski claims Walton's attorney mailed a copy of the summons and complaint to Ms. Ohnemus on November 12, 2015. He also claims Walton's attorney mailed a copy of the first page of the summons and copy of the complaint to Bilinski via registered mail, which Bilinski received on November 23, 2015. The same day, Bilinski received another copy of the summons and complaint via Xpresspost. No signature was required for the Xpresspost mailing.

**<u>Analysis</u>**

Bilinski seeks dismissal of this action for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). "This principle remains true despite any actual notice a defendant may have of the lawsuit." *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982).

Rule 4(f) of the Federal Rules of Civil Procedure dictates that an individual in a foreign country may be served by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Rule

4(f)(1), Fed. R. Civ. P. For its signatories, the Hague Convention applies in all cases "where there is occasion to transmit a judicial or extrajudicial document for service abroad." Multilateral Service Abroad of Judicial and Extrajudicial Documents Convention done at The Hague, Nov. 15, 1965; 20 U.S.T. 361. "[C]ompliance with the Convention is mandatory in all cases to which it applies…." *Volkswagenwerk Aktiengesellschaf v. Schlunk*, 486 U.S. 694, 705 (1988)). Canada is a signatory to the Convention, and it is undisputed here that the Convention applies.

The primary method for service of judicial documents abroad, as set forth in Articles 2 through 7 of the Hague Convention, is through a designated Central Authority. *See* Multilateral Service Abroad of Judicial and Extrajudicial Documents, Convention done at The Hague, Nov. 15, 1965, 20 U.S.T. 361, Art. 2–7; *Bankston v. Toyota Motor Corp.*, 889 F.2d 172, 173 (8th Cir. 1989). So long as the destination country does not object, the Convention also authorizes service through diplomatic or consular channels (Arts. 8, 9); through the judicial officers, officials, or other competent person of the state of destination (Art. 10); pursuant to any other agreement between the states involved (Art. 11); or pursuant to the internal law of the receiving state for documents coming from abroad (Art. 19). Additionally, because it is relevant here, Article 10 provides that so long as the state of destination does not object, the Convention "shall not interfere with— (a)

the freedom to send judicial documents, by postal channels, directly to persons abroad." *Id*.

Walton has made no effort to serve Bilinski through Canada's Central Authority, and his attempts at service have failed to successfully comply with any of the alternative methods of service permitted under the Convention as discussed below.

First, Walton's attempts at personal service on Bilinski at his residence in Alberta fail to comply with section (b) of Article 10. 10(b) permits "judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through judicial officers, officials or other competent persons of the State of destination." In determining what type of service is permissible under 10(b), courts look first at whether the destination state has objected to 10(b). Canada has declared no opposition to the method of service of process provided in 10(b). *See* Canada–Central Authority and Practical Information, https://www.hcch.net/en/states/authorities/details3/?aid=248, (last visited December 4, 2015). *See also Dimensional Commc'ns, Inc. v. OZ Optics Ltd.*, 218 F. Supp. 2d 653, 656 (D.N.J. 2002); *Marcus Food Co. v. Dipanfilo*, No. CIV. 09-1261-EFM, 2010 WL 3946314, at *4 (D. Kan. Oct. 5, 2010). If a destination state has no objection to service of process under 10(b), then courts look to the

"internal service rules of the destination State to determine whether that State would object to the particular method of service utilized under Article 10." *Marcus Food*, 2010 WL 3946314, at *4 (internal quotation marks and citation omitted); *see also Dimensional Commc'ns, Inc.*, 218 F. Supp. 2d at 656.

The parties agree that Alberta Rules of Court contain the internal rules of service that are applicable here. According to Rule 11.5(1), a commencement document may be served on an individual by being left with the individual or being sent by recorded mail addressed to the individual. Recorded mail is defined in the Rules as "a form of document delivery by mail or courier in which receipt of the document must be acknowledged in writing…." Here, the process server served papers on Bilinski's wife and on the door of his residence, but not on Bilinski. And there is no evidence that the process server mailed the complaint and summons to Bilinski's residence using recorded mail. None of these attempts at service comply with Alberta Rule of Court 11.5; therefore, they fail to constitute proper service under section (b) of Article 10 of the Convention.[3]

---

[3] To the extent there is any contention on Walton's part that mailing the complaint and summons affected service under Article 10(a) of the Convention, this argument also fails. *See Bankston*, 889 F.2d at 173-74 (service by mail is not a permissible method of service of process under section (a) of Article 10).

To the extent Walton's attorney has attempted to effect service by emailing or mailing the summons and complaint directly to Bilinski or his attorneys, these attempts also fail because they were not made by a judicial officer, official or other competent person of the destination state in accordance with 10(b).  Any attempts to serve Bilinski's attorneys also do not comply with service under Rule 4(e)(2)(C), Fed. R. Civ. P., because there is insufficient evidence that Bilinski's attorneys are agents authorized to receive service of process on his behalf.  *See Thelen v. City of Elba*, No. 08-CV-1150 JNE/JJG, 2009 WL 212940, at *4 (D. Minn. Jan. 28, 2009)("An attorney will not be deemed an appointee for service of a lawsuit on behalf of her client simply by virtue of her role as an attorney") (citing *Indus. Indem. Co. v. Harms*, 28 F.3d 761, 762 (8th Cir. 1994)).

Based on the information before me at this time, Walton has not yet sufficiently served Bilinski.   However, the rules for effecting service abroad are challenging to parse, and I have no reason to believe Walton is incapable of serving Bilinksi in accordance with the rules.  Therefore, I will deny Bilinski's motions to dismiss, quash Walton's previous service, and grant Walton an additional 120 days to attempt sufficient service.  *See Marshall v. Warwick,* 155 F.3d 1027 (8th Cir. 1998) ("Dismissal is not invariably required where service is ineffective: under such circumstances, the district

court has discretion to either dismiss the action, or quash service but retain the case.") (internal citation omitted). Walton is encouraged to carefully consider the Hague Convention's guidelines that have been discussed here and to work with the Clerk of Court to fully understand the requirements for service abroad. Because I conclude that Bilinski has not yet been served, his motions to strike will be denied as moot with leave to refile once he is properly be before me as a defendant.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#12], second motion to dismiss [#15], and third motion to dismiss [#27] are **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motions to strike [#12], [#15], and [#27] are **DENIED AS MOOT** with leave to refile once defendant is properly a party to this case.

**IT IS FURTHER ORDERED** that plaintiff shall have an additional 120 days from the date of this order to attempt service on defendant.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2015.