UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CODY WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:15 CV 36 CDP |
| | ) | |
| RYSZARD BILINSKI, former MACON | ) | |
| COUNTY DEPUTY SHERIFF in his | ) | |
| individual capacity only, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

In my order dated December 30th, 2015, I found that plaintiff Cody Walton had not yet properly served defendant Ryszard Bilinski, despite several attempts, and granted him an additional 120 days in order to attempt service. On April 21, 2016, Walton filed a summons returned executed with this court. Defendant then filed a fourth motion to dismiss the case on the basis of insufficient service, and to strike certain immaterial portions of the complaint.

Service of Process

As set out in more detail in my December 30 order, Bilinski is currently a resident of Alberta, Canada and therefore service must be made under the provisions of the Hague Convention. I conclude that Walton has now properly served Bilinski, and so I will deny the motion to dismiss for insufficient service.

In his latest attempt at service, Plaintiff engaged a process server – known as a bailiff - through a Civil Enforcement Agency in Alberta.  The bailiff attempted to personally deliver the documents to Bilinski's home four separate times over the course of one month, but received no response at the door.  On April 14, 2016, the bailiff then sent the documents by registered mail.  Bilinski signed for and received the documents on April 15, 2016.[1]

Defendant now argues that, like the previous attempts, service of process was insufficient and should be quashed, and this case should be dismissed. Defendant relies on *Bankston v. Toyota Motor Corp.*, 889 F.2d 172, 173 (8th Cir. 1989) for the proposition that service by registered mail to someone in a foreign country can never be considered effective service under the Hague Convention. But *Bankston* and cases following it merely hold that service is not authorized by registered mail under Article 10(a) of the Hague Convention; they say nothing of Article 10(b).  While Article 10(a) governs the ability to send judicial documents directly to potential defendants abroad, Article 10(b) specifically requires service to be made through a representative of the destination country.

Here, Walton used a bailiff from a civil enforcement agency to carry out service.  A bailiff is appointed by the sheriff, and defined as a peace officer when carrying out civil enforcement duties.  Defendant has not contested the bailiff's

---

[1] Bilinski's signature is not actually visible in the exhibit filed with the court, but Defendant apparently does not dispute that he signed for the registered mail.

qualifications as a "judicial officer, official, or other competent person of the State of destination," and I find no reason to believe he is not qualified.

As explained more fully in my earlier order, in this case we must look to the Alberta Rules of Court for the internal rules of service to determine whether Alberta would object to the particular method of service used under Article 10. Alberta's Rule 11.5 allows for service by "recorded mail addressed to the individual." It further provides that service will be deemed effected "on the date acknowledgement of receipt is signed by the individual to whom it is addressed." Unlike the previous attempts at service, this service by a representative of the destination country is sufficient.

I find the plaintiff has now complied with the service requirements of the Hague Convention and Fed. R. Civ. P. 4(f), and so I will deny the fourth motion to dismiss.

Motion to Strike

Bilinski also moves to strike certain allegations from the complaint as irrelevant, including paragraphs 3, 4, 5, 19, 20, 22, 23, 24, 28. Walton has not responded to this motion. I will grant the motion in respect to the allegations involving Robert Dawson and David Moore (paragraphs 3 and 4) because they are not named as defendants in this lawsuit. I will also grant the motion as to

paragraphs 19 and 20 because I find this information irrelevant to plaintiff's case. In all other respects this motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's fourth motion to dismiss [#34] is **DENIED**.

**IT IS FURTHER ORDERED** that service is deemed effected on April 15, 2016. Defendant must file his answer or other responsive pleading within twenty (20) days of the date of this order.

**IT IS FINALLY ORDERED** that defendant's motion to strike [#34] is **GRANTED** as to paragraphs 3, 4, 19, and 20, and **DENIED** as to paragraphs 5, 22, 23, 24, and 28.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2016.