UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CODY WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:15 CV 36 CDP |
| | ) | |
| RYSZARD BILINSKI, former MACON | ) | |
| COUNTY DEPUTY SHERIFF in his | ) | |
| individual capacity only, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Cody Walton has brought suit against former Macon County deputy sheriff Ryszard Bilinski pursuant to 42 U.S.C. § 1983. In the sole count of his complaint, Walton alleges that Bilinski violated his constitutional rights by failing to protect him from sexual assault by another inmate, Nathaniel Flennory. Walton argues Bilinski knew Walton faced a substantial risk of harm from Flennory and disregarded that risk by failing to lock the individual jail cells.

Bilinski has now moved for summary judgment. Bilinski asserts Walton's claim is barred by the doctrine of res judicata and he is entitled to summary judgment as a matter of law. Specifically, Bilinski contends Walton's claim is barred by the preclusive effect of a case previously adjudicated in this Court,

*Walton v. Dawson,* No. 2:11CV48 JCH (*Walton I*). I agree and will grant Bilinski's motion for summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In setting forth the facts relevant to this motion, I note that Walton has not complied with Local Rule 4.01(E) governing summary judgment motions. Specifically, although Bilinski properly submitted a statement of uncontroverted material facts, Walton failed to respond to or controvert the facts numbered 101-186. Accordingly, pursuant to Local Rule 4.01(E), Walton is deemed to have admitted facts 101-186.[1] *See Deichmann v. Boeing Co.,* 36 F. Supp. 2d 1166, 1168 (E.D. Mo. 1999), aff'd, 232 F.3d 907 (8th Cir. 2000), cert. denied, 531 U.S. 877; *Williams v. Roper*, No. 4:13-CV-2440 CAS, 2016 WL 4368097, at *3 (E.D. Mo. Aug. 16, 2016). Bearing Walton's admissions and the summary judgment standard in mind, I have reviewed the record and accept the following facts as true:

---

[1] Local Rule 4.01(E) provides, with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

On August 30, 2010, Cody Walton, a pre-trial detainee at the Macon County, Missouri jail, was sexually assaulted by Nathaniel Flennory, another inmate. Flennory left his own unlocked cell, entered Walton's unsecured cell, and later sodomized Walton. The jailer on duty the night of this assault was Ryszard Bilinski. Flennory pled guilty to forcible rape and was sentenced to fifteen years in the Missouri Department of Corrections.

In 2011, prior to filing the instant action, Walton filed a different suit (Walton I) in this Court against various other defendants, including the sheriff of Macon County, Robert Dawson, and jail administrator, David Moore.[2] Pursuant to 42 U.S.C. § 1983, Walton alleged his constitutional rights were violated by Dawson and Moore when he was sexually assaulted by Flennory. The complaint contained claims against Dawson and Moore in their *individual* capacities for 1) failure to protect Walton from sexual assault and 2) failure to train and supervise Bilinski. The complaint also contained claims against Dawson and Moore in their *official* capacity for failure to train and supervise Bilinski. Walton sought actual and punitive damages.

In Walton I, defendants Dawson and Moore filed a motion for summary judgment. The district court granted their motion in part and denied it in part. Specifically, the court granted summary judgment in defendants' favor on

---

[2] On two occasions in the original suit, Walton sought to add Bilinski as a defendant. The court denied both of Walton's requests.

Walton's claim that Dawson and Moore in their individual capacities failed to personally protect him from assault.[3] The court denied summary judgment with respect to the remaining claims against Dawson and Moore in their individual capacities for failure to supervise and train Bilinski. Specifically, the court found Moore and Dawson were not entitled to qualified immunity on these claims. The court also concluded that the claims against Moore and Dawson in their official capacities for failure to train Bilinski set forth sufficient facts to survive summary judgment. Dawson and Moore took an interlocutory appeal to the Eighth Circuit.

On appeal, Dawson and Moore argued that they were entitled to qualified immunity on Walton's claims against them in their *individual* capacities for failure to train Bilinski. The Eighth Circuit agreed that Dawson was entitled to qualified immunity. *Walton v. Dawson,* 752 F.3D 1109, 1126 (8th Cir. 2014). In contrast, the Court affirmed the denial of qualified immunity to Moore, reasoning that the district court made a careful, individualized assessment that Moore was indifferent to the risks of leaving cell doors unlocked. *Id.* In discussing the claim against Moore, the Eighth Circuit observed that in order to find Moore liable to Walton for a failure to train, the jury would first have to find that Bilinski violated Walton's constitutional rights. *Id.* The Court of Appeals explained that a supervisor cannot be held liable on a failure to train/supervise claim unless the subordinate officer

---

[3] The court found Walton had not set forth sufficient facts indicating defendants were directly involved in the alleged failure to protect.

4

violated the Constitution. *Id.* at 1122. Moreover, the Court stated that it would be necessary to instruct the jury on a failure to protect claim against Bilinski at trial.

In October 2014, Walton I proceeded to a jury trial against Moore in both his individual and official capacity for failure to train Bilinski.[4] During the trial, Moore argued in his Rule 50(a) Motion that Walton could not proceed against him in either his official or individual capacity as Bilinski was entitled to qualified immunity and had committed no underlying constitutional violation. Ultimately, Walton decided not to submit his claim against Moore in his *individual* capacity to the jury. After trial concluded, the district court dismissed this claim with prejudice.

The sole remaining claim, against Moore in his *official* capacity for failure to train and supervise Bilinski, was submitted to the jury. The trial court instructed the jury that prior to finding any liability on behalf of Moore, "they first had to find liability against Bilinki. Specifically, Jury Instruction Number 7 required the jury to find that Flennory sexually assaulted Walton without consent, that Bilinski was aware of a substantial risk of assault, and that Bilinski was deliberately indifferent to Walton's need to be protected from the assault. If the elements in Instruction Number 7 were established, the jury was then instructed to turn to Instruction

---

[4] After the interlocutory appeal, Walton's remaining claim against defendant Dawson was for failure to train and supervise in his *official* capacity. Prior to trial, the parties stipulated to dismiss defendant Dawson without prejudice.

Number 8, which addressed whether Moore in his official capacity failed to train/supervise Bilinski. The jury rendered a verdict in Walton's favor in the amount of $60,000.00.

After the verdict, Walton filed this suit against Bilinski in his individual capacity under 42 U.S.C. §1983. In his sole count, Walton alleges that Bilinski violated his constitutional rights by failing to protect him from the same sexual assault at issue in Walton I. Walton again seeks actual and punitive damages. As noted above, Bilinski filed the instant motion for summary judgment, asserting *inter alia*, that Walton is barred from recovery under the doctrine of res judicata and is entitled to judgment as a matter of law.[5]

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn

---

[5] Bilinski also asserts that he is entitled to summary judgment based upon the doctrines of qualified immunity, double recovery, collateral estoppel, and failure to state a claim. I need not reach these additional arguments as I find Walton's claim precluded by res judicata.

from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the initial burden of showing both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Fed. R. Civ. P. 56(c).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 257; *Heisler v. Metropolitan Council*, 339 F.3d 622, 626 (8th Cir. 2003). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## **DISCUSSION**

In his motion for summary judgment, Bilinski argues that Walton's sole claim in his complaint is barred under principles of res judicata and, therefore, he is entitled to summary judgment in his favor as a matter of law. Specifically, Bilinski contends that Walton's claim is barred by the preclusive effect of the prior federal action in Walton I. Because Bilinski is attempting to use a judgment from a prior federal suit to bar Walton's claim in this suit, federal law applies. *Canady*

7

*v. Allstate Ins. Co.*, 282 F.3d 1005, 1014 (8th Cir. 2002), *overruled on other grounds by Syngenta Crop Protection Inc. v. Henson*, 537 U.S. 28, 123 (2002) (the res judicata effect of the first forum's judgment is governed by the first forum's law).

Under Eighth Circuit law, a claim will be held to be precluded by a prior lawsuit when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. *See Rutherford v. Kessel*, 560 F.3d 874, 877 (8th Cir. 2009) (citing *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)); *see also In re Anderberg–Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir. 1997). Furthermore, the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect. *See Rutherford*, 560 F.3d at 877. For purposes of res judicata, a final judgment on the merits of an action precludes the parties from relitigating issues that were – or could have been – raised in that action. *Knutson v. City of Fargo,* 600 F.3d 992, 996 (8th Cir. 2010).

Here, the first two elements are not in dispute. Neither party asserts that the court was without jurisdiction to decide Walton I. Nor do the parties contest that there was a final judgment on the merits as to the claims against Moore and

Dawson in Walton I. Accordingly, I will turn to whether both suits were based upon the "same claims or causes of action."

For res judicata purposes, the Eighth Circuit has held that a "claim" or "cause of action" is the same when it arises out of the same nucleus of operative fact or is based upon the same factual predicate. *Murphy v. Jones,* 877 F.2d 682, 684–85 (8th Cir. 1989). Here, both the complaint in Walton I and the complaint in this action allege the following facts: that Walton was sexually assaulted while a pre-trial detainee at the Macon County Jail on August 30, 2010; that the assault was perpetrated on him by Nathanial Flennory; that the assault occurred because of the jailer's failure to secure the jail cells overnight. Thus, the claims in both suits arise out of the same nucleus of operative facts. Moreover, both suits were filed pursuant to 42 U.S.C. § 1983, and the wrong for which Walton currently seeks redress – the violation of his constitutional right to be protected from sexual assault – is the same as the injury he asserted in Walton I. *See Daley v. Marriot Int'l, Inc.,* 415 F.3d 889, 896 (8th Cir. 2005) (citation omitted) ("in the final analysis[,] the test would seem to be whether the wrong for which redress is sought is the same in both actions."). Accordingly, I am satisfied that Bilinski has established both suits were based upon the "same claims or causes of action."

Having found three of the four required elements satisfied, the remaining question is whether the two actions involve the same parties or their privies.

Although Bilinski was not a party in Walton I, he argues he is in privity with Moore and Dawson in both their individual and official capacities. "The addition or substitution of different parties to an action does not extinguish the application of res judicata or claim preclusion, as that doctrine extends both to parties and to those who stand in privity with the party in the prior suit. *Ladd v. City of St. Louis*, No. 4:10CV02219 AGF, 2012 WL 1110110, at *6 (E.D. Mo. Mar. 31, 2012) (internal quotations and brackets omitted). Where the parties in the first action are "so closely related" to the parties in the second action that their interests may be said to be "nearly identical," they are in privity such that it "is fair to treat them as the same parties for purposes of determining the preclusive effect of the [prior] judgment." *Ruple v. City of Vermillion,* 714 F.2d 860, 862 (8th Cir. 1983), cert. denied, 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984). *See also Headley v. Bacon,* 828 F.2d 1272, 1276 (8th Cir. 1987).

Where, as here, the parties whose privity is in question are government officials sued in various capacities, additional considerations apply. An official capacity suit is really just another way of suing the government. *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007). Therefore, litigation involving the government is usually binding with respect to governmental officials who are sued in their official capacities in later actions. *Micklus v. Greer*, 705 F.2d 314, 317 (8th Cir. 1983). *See also Young v. City of St. Charles*, 34 Fed Appx. 245, at *1 (8th Cir.

2002) (finding an official sued in his official capacity is generally in privity with the government). This is not the case here, as Bilinski was sued only in his *individual* and not his official capacity. However, where officials are sued in their individual capacities in both suits, under 42 U.S.C. § 1983, courts have found that privity exists. *Young,* 34 Fed Appx. 245 at *1; *See also Ladd*, 2012 WL 1110110, at *9. As a general rule, however, "litigation involving officials [sued] in their official capacity does not preclude relitigation in their [individual] capacity." *Headley*, 828 F.2d at 1279. This is because official and individual capacity suits may involve different legal theories and defenses. *Conner v. Reinhard,* 847 F.2d 384, 395 (7th Cir. 1988) (citing *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985)).

Applying the principles set forth above, I conclude that Bilinski, sued in his individual capacity, stands in privity to Moore and Dawson in both their individual and official capacities as his interests in this suit are sufficiently congruent to those of Dawson and Moore in Walton I. First of all, Bilinski's interests were represented by Moore and Dawson in their *individual* capacity in Walton I. In Walton I, Moore and Dawson sought summary judgment on Walton's claims against them in their individual capacities alleging they failed to train Bilinski. To prevail on their motion, it was in Moore and Dawson's interest to establish Bilinski was entitled to qualified immunity and that he did not violate the constitution. *See*

*Carpenter v. Gage*, 686 F.3d 644, 651 (8th Cir. 2012), (holding that both the sheriff and the county could not be liable under Section 1983 for failure to train when there was no showing that the underlying officer violated the constitution).

Furthermore, Bilinski's interests were again represented by Dawson and Moore on interlocutory appeal of the district court's denial of qualified immunity on the failure to train claims against them in their individual capacities. In affirming the district court's denial of qualified immunity to Moore,[6] the Eighth Circuit addressed the significance to Moore of defending Bilinski's interests. The Court acknowledged, "that unless [Moore's] subordinate Bilinksi 'violated the Constitution,' Moore [could not] be liable for 'failure to train.'" *Walton*, 752 F.3d at 1122 (quoting *Carpenter*, 686 F.3d at 651). The Eighth Circuit further noted that when Walton I proceeded to trial, Walton would bear the burden of convincing the jury that "Bilinski committed the underlying failure to protect violation" as this antecedent finding was required before the jury could impose any liability on Moore. *Id.* at n.7.

At trial, the alignment of Moore (in his individual capacity) and Bilinski's interests was again evident. During trial, Moore argued in his Rule 50(a) motion that he was entitled to qualified immunity and judgment as a matter of law on the failure to train claim against him in his individual capacity because Bilinski 1) was

---

[6] The Eighth Circuit found that Dawson was entitled to qualified immunity on the failure to train claim against him in his individual capacity and reversed the district court's denial.

entitled to qualified immunity and 2) the facts did not demonstrate that Bilinski deprived Walton of his constitutional rights. Based upon the above, I find that privity exists between Dawson and Moore, in their individual capacities, and Bilinski in his individual capacity.

I also find that privity exists between Bilinski and Moore in his official capacity in Walton I. While acknowledging the general rule that, "litigation involving officials [sued] in their official capacity does not preclude relitigation in their personal capacity," *Headley*, 828 F.2d at 1279, I conclude that privity does exist under the circumstances here due to the strength of the identity of Moore and Bilinski's interests. In Walton I, the trial court instructed the jury that prior to finding any liability on behalf of Moore in his *official* capacity, they first had to find liability against Bilinki in his *individual* capacity. Jury Instruction Number 7 required the jury to find Bilinski violated Walton's constitutional rights by failing to protect him from assault. Thus, Moore's interests were closely related to Bilinski's in establishing there was no underlying violation of Walton's constitutional rights. For two individuals to be in privity, their legal interests must be aligned to the point of being "similarly affected by the outcome of a legal proceeding." *See Anderson v. City of St. Paul, Minnesota*, 849 F.3d 773, 778 (8th Cir. 2017). Here, Moore's legal interest in Walton I depended on the jury's determination that Bilinski violated Walton's constitutional rights. Moreover, the

two suits were congruent as Walton sought relief of the same nature and scope under § 1983. Walton also concedes that the damages he is seeking in this case are the same as the damages that he sought in Walton I.

Thus, I find Bilinski is in privity with Moore and Dawson, whose liability was determined in Walton I. Finally, with respect to the application of res judicata, I am also satisfied that Walton I was fairly and fully litigated. The Supreme Court has held that "[r]edetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Montana v. United States,* 440 U.S. 147, 164 n. 11, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Walton I was pending for over five years. In that time, the parties engaged in full discovery, and filed, briefed, and argued several motions, including one for summary judgment. Following an interlocutory appeal and ruling, a jury trial was held on Walton's claims against Moore. In rendering their verdict, the jury determined that Bilinski failed to protect Walton in violation of his constitutional rights. Consequently, the issue of whether Bilinski violated Walton's constitutional rights was raised in the prior proceeding and determined on the merits by the jury. Walton in fact received an award of damages that the jury determined compensated him for Belinski's failure to protect him – Walton is precluded from relitigating the same issue.

For the reasons above, I find Walton's claim against Bilinski is barred under principles of res judicata and, therefore, Bilinski is entitled to summary judgment in his favor as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Ryszard Bilinski's Motion for Summary Judgment [53] is **GRANTED**.

A separate Judgment is entered this date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2018.